| | |
|---|---|
| DISTRICT COURT,<br>DENVER COUNTY, COLORADO<br>1427 Bannock Street<br>Denver, Colorado 80202<br><br>**PLAINTIFF:** MARIA CARMEN RUIZ, on behalf of herself and all similarly situated persons,<br><br>**v.**<br><br>**DEFENDANT:** U.S. BANK NATIONAL ASSOCIATION | DATE FILED: October 17, 2018 1:06 PM<br>FILING ID: F0B01CD4655F6<br>CASE NUMBER: 2018CV33890<br><br><br><br><br><br><br><br>Δ   COURT USE ONLY   Δ |
| Attorneys for Plaintiff:<br>Brian D. Gonzales, Atty. Reg. # 29775<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>2580 East Harmony Road, Suite 201<br>Fort Collins, Colorado  80528<br>Telephone: (970) 214-0562<br>BGonzales@ColoradoWageLaw.com<br><br>Ryan F. Stephan<br>Catherine Mitchell<br>STEPHAN ZOURAS, LLP<br>205 N. Michigan Avenue, Suite 2560<br>Chicago, Illinois 60601<br>Telephone:  (312) 233-1550<br>RStephan@StephanZouras.com<br>CMitchell@StephanZouras.com | Case Number:<br><br><br><br><br><br>Ctrm/Div: |
| **CLASS ACTION COMPLAINT** | |

Plaintiff Maria Carmen Ruiz, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *Class Action Complaint* against U.S. Bank National Association ("USB").

## STATEMENT OF THE CASE

1. The Colorado Wage Claim Act, §8-4-101, *et seq*. (the "Wage Claim Act") and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Act"), contain various rules regarding employee wages and working hours.  USB violated these laws by failing to: 1) compensate employees at "time and one-half" their regular rate of pay for all overtime hours worked; and 2) ensure that

employees received all required rest breaks during their shifts. This class and collective action seeks to recover damages and backpay to compensate all current and former hourly-paid employees of USB for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, a current employee of USB, is an individual and resident of the State of Colorado.

3. Defendant U.S. Bank National Association has its corporate offices at 800 Nicollet Mall, Minneapolis, Minnesota 55402. At all times relevant to this action, USB has been located in and has conducted business in the State of Colorado.

4. Venue in this Court is proper pursuant to C.R.C.P. 98 because USB may be found in this County.

5. This Court has jurisdiction over the parties and subject matter of this action pursuant to C.R.S. §13-1-124.

## FACTUAL BACKGROUND

6. USB is the seventh largest bank in the United States, with over 3,000 branches nationwide. Plaintiff Ruiz has worked for USB at its Clifton, Colorado branch since approximately 2007. Plaintiff Ruiz has been continuously employed by USB in Colorado as both a Teller and Teller Coordinator.

7. Section 4 of the Minimum Wage Act requires that employees be paid time-and-one-half an employee's regular rate of pay for any work in excess of 40 hours per workweek. 7 CCR 1103-1:4.

8. Plaintiff was routinely required to work more than forty (40) hours per workweek, but was not compensated at the mandated time-and-one-half rate for all of her overtime hours, in direct violation of the Minimum Wage Act. In particular, Plaintiff was made to modify her timesheets to reduce or eliminate her overtime hours. On information and belief, many of USB's non-overtime exempt employees also were required to modify their time records to eliminate overtime.

9. In addition to the foregoing, Section 8 of the Minimum Wage Act requires that employees be provided compensated, 10-minute rest periods, in the middle of each 4-hour work period or "major fractions thereof". 7 CCR 1103-1:4.

10. USB failed to provide Plaintiff and other similarly-situated employees any rest breaks, as mandated by Colorado state law. In particular, Plaintiff and other non-exempt employees were not provided a compensated, 10-minute rest period for each 4 hours of work or major fractions thereof.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a C.R.C.P. 23 class action, on behalf of herself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class as follows:

**ALL CURRENT OR FORMER NON-EXEMPT USB EMPLOYEES:
1) WHO WERE NOT COMPENSATED PROPERLY FOR ALL OVERTIME HOURS WORKED; AND/OR 2) WHO WERE NOT PROVIDED ALL REQUIRED REST BREAKS.**

12. This action is properly brought as a class action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable. On information and belief, there are more than 500 members in the proposed class.

   b. Numerous questions of law and fact regarding the liability of USB are common to the Class and predominate over any individual issues which may exist.

   c. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by USB that caused harm to all Class Members.

   d. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from USB's records. Plaintiff was subjected to the same rules and policies as all other workers that form the basis of the alleged violation. USB applied its policy to her just as it did with all Class Members.

   e. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Plaintiff is committed to this action and has no conflict with the class members. Furthermore, Plaintiff is represented by experienced class action counsel.

   f. Questions of fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**FIRST CLAIM FOR RELIEF**
**(Violation of the Colorado Wage Claim Act, §8-4-101, *et seq*.)**

13. Plaintiff incorporates by reference all of the above paragraphs.

14. At all material times, USB has been an "employer" within the meaning of the Colorado Wage Claim Act, §8-4-101, *et seq*.

15. At all material times, USB has employed "employees," including Plaintiff and Class Members, within the meaning of the Colorado Wage Claim Act, §8-4-101, *et seq*.

16. USB was Plaintiff's "employer" within the meaning of the Colorado Wage Claim Act, §8-4-101, *et seq.*

17. As a result of the foregoing conduct, as alleged, USB has failed to pay wages due thereby violating, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

18. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of herself and all Class Members in an amount equal to all earned but unpaid straight time and overtime compensation, including compensation in the amount of 10 minutes of pay for each missed rest break. This demand for payment is continuing and is made on behalf of any current USB employees whose employment terminates at any time in the future. Such payment should be made in care of undersigned counsel at the listed address.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Colorado Minimum Wage Act, §8-6-101, *et seq*.)**

19. Plaintiff incorporates by reference all of the above paragraphs.

20. At all relevant times, USB has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

21. At all relevant times, USB has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

22. Plaintiff was an employee of USB within the meaning of the Minimum Wage Act.

23. As a result of the foregoing conduct, as alleged, USB has violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

24. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## JURY DEMAND

25. Plaintiff demands a trial by jury as to all issues so triable.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of herself and Class Members and against USB as follows:

1. Determining that the action is properly maintained as a class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members their compensatory damages, attorneys' fees and litigation expenses as provided by law;

4. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6. Awarding Plaintiff and Class Members statutory penalties as provided by law; and

7. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 17th of October, 2018.

*s/Brian D. Gonzales*

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado  80528

Ryan F. Stephan
Catherine Mitchell
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601

*Counsel for Plaintiff*